UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL VILLALOBOS, | Civil No. 09cv363-L(MDD) |
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| ROBERT HERNANDEZ, Warden, | |
| Respondent. | |

Petitioner Angel Villalobos, a state prisoner proceeding *pro se*[1] and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Respondent filed a motion to dismiss the Petition as time-barred under 28 U.S.C. § 2244(d). The Magistrate Judge issued a Report and Recommendation recommending the Petition be dismissed. Petitioner timely filed objections. This court issued an Order Remanding Report and Recommendation for Evidentiary Hearing based on the equitable tolling arguments raised in Petitioner's filings. After the evidentiary hearing, the Magistrate Judge issued a Report and Recommendation Denying Respondent's Motion to Dismiss ("Report and Recommendation" or "R&R"). Petitioner filed objections ("Objections"). Respondent did not file a response.

In reviewing a magistrate judge's report and recommendation, the district court "shall

---

[1] Counsel was appointed for Petitioner during these proceedings. (Doc. no. 19.)

make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

Although the Magistrate Judge found in Petitioner's favor that the statute of limitations should be equitably tolled, that the Petition was timely filed, and that Respondent's motion to dismiss should be denied, Petitioner objects to the Report and Recommendation to the extent it rejected some of Petitioner's arguments. Even if the court were to agree with Petitioner's Objections, the result would be the same – Respondent's motion to dismiss would still be denied.

The initial Report and Recommendation was remanded for an evidentiary hearing regarding equitable tolling during two periods of time – Period 1, before the filing of Petitioner's petition in state court, and Period 2, after his petition was denied in state court. The Magistrate Judge found that although Petitioner was entitled to equitable tolling during Period 2, he was not entitled to equitable tolling during Period 1. Tolling during Period 2 was sufficient to render the Petition timely. Petitioner does not contend that the Magistrate Judge made any errors in concluding that tolling was appropriate during Period 2. Accordingly, the Objections are **OVERRULED** as superfluous and unnecessary.

In the alternative, the Objections are **OVERRULED** on the merits. First, Petitioner contends that Respondent had "forfeited" any claims regarding Period 1 because they were not raised in his motion. Respondent filed a motion to dismiss the Petition based on the defense of statute of limitations. Respondent has no "claims" pertaining to tolling of the statute. Any such claims are Petitioner's to raise, not Respondent's. Moreover, copious evidence regarding tolling issues during Period 1 was presented at the evidentiary hearing (*see* R&R at 5-9), and Petitioner does not contend he was prejudiced. Accordingly, Petitioner's argument that Respondent waived "claims" regarding statute of limitations during Period 1 is rejected.

Second, Petitioner contends that he is entitled to at least 30 days of equitable tolling during Period 1 because, as the Magistrate Judge found, Petitioner lacked the necessary English proficiency to prepare his own court filings, and it is undisputed that the English-speaking inmate who assisted him had no access to the law library during Period 1 due to the conversion of prison facilities at California State Prison, Los Angeles County and R.J. Donovan Correctional Facility. In addition, Petitioner argues that he is entitled to at least 55 days of equitable tolling during Period 1 while his English-speaking assistant did not have access to Petitioner's legal materials due to the conversion of prison facilities. Based on an exhaustive review of the evidence, the Magistrate Judge found that the foregoing did not justify equitable tolling. (R&R at 4-12.) "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted). "A petitioner seeking equitable tolling bears the burden of showing both that there were extraordinary circumstances and that the extraordinary circumstances were the *cause* of his untimeliness in filing the petition in federal court. *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010) (internal quotation marks and citation omitted, emphasis in original). It is difficult to show that an extraordinary circumstance *caused* the delay in filing, when the alleged extraordinary circumstance occurs in the beginning or in the middle of the limitations period. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001). At the end of Period 1, Petitioner still had about ten months of his limitations period left. (*Id*. at 11.) Based on all of the evidence, the Magistrate Judge concluded that there was no extraordinary circumstance during Period 1 which *caused* Petitioner's filing in *this* court to be untimely.[2] Petitioner's Objections do not offer any persuasive argument or evidence to the

---

[2] The court is mindful of Petitioner's argument that the circumstances during Period 1 could have rendered Petitioner's *state* court filing untimely (Objections at 6-8), and that this, in turn, could have prejudiced his reliance on statutory tolling during the pendency of the state court petition. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palamteer*, 321 F.3d 820, 823 (9th Cir. 2003). However, Petitioner's state court petition was *not* untimely filed. Because federal jurisdiction requires an actual case or controversy, and precludes decisions of hypothetical controversies, U.S. Const. art. III, the court need not address the argument.

1  contrary. Accordingly, Petitioner's argument that he is entitled to equitable tolling during Period
2  1 is rejected.

3  Finally, Petitioner argues that he is entitled to statutory tolling during Period 1 because
4  the prison failed to provide him with legal materials in Spanish. The Magistrate Judge did not
5  address this argument because he found it unnecessary, as the Petition was timely filed due to
6  equitable tolling during Period 2. (R&R at 17.) Petitioner has cited no authority for the
7  proposition that the court was obligated to address unnecessary issues. Furthermore, statutory
8  tolling was not one of the issues which were remanded to the Magistrate Judge for an evidentiary
9  hearing. (*See* Order Remanding Report and Recommendation for Evidentiary Hearing at 7.)
10 Accordingly, Petitioner's argument based on statutory tolling is also rejected.

11 For the foregoing reasons, Petitioner's Objections are **OVERRULED**. The Report and
12 Recommendation Denying Respondent's Motion to Dismiss is **ADOPTED**. Respondent's
13 motion to dismiss is **DENIED**.

14 **IT IS SO ORDERED.**

16 DATED: August 4, 2011

17  _____
    M. James Lorenz
18  United States District Court Judge

19 COPY TO:

20 HON. MITCHELL D. DEMBIN
   UNITED STATES MAGISTRATE JUDGE

21 ALL PARTIES/COUNSEL