UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL VILLALOBOS,<br><br>              Petitioner,<br><br>v.<br><br>ROBERT HERNANDEZ,<br><br>              Respondent. | Civil No. 09-cv-363-L(MDD)<br><br>**ORDER DENYING EX PARTE APPLICATION TO CONTINUE APPOINTMENT OF COUNSEL [DOC. 59]** |

Pending before the Court is Petitioner Angel Villalobos' *ex parte* application to continue appointment of counsel. (Doc. 59.) For the following reasons, the Court **DENIES** Petitioner's *ex parte* application.

**I.  PROCEDURAL HISTORY**

On February 23, 2009, Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On February 11, 2010, the Court rejected United States Magistrate Judge Anthony J. Battaglia's Report and Recommendations, and remanded on the issue of equitable tolling. (Doc. 18.) Consequently, Judge Battaglia appointed Federal Defenders of San Diego, Inc. to represent Petitioner for the limited purposes of a pre-evidentiary hearing conference and an evidentiary hearing. (Doc. 19.) James Fife and Janet Tung from the Federal Defenders of San Diego

appeared on behalf of Petitioner. (Docs. 24, 25.)

On October 15, 2010, Judge Battaglia held an evidentiary hearing and heard testimony from two witnesses. (Doc. 43.) Several days later, another evidentiary hearing was held and two more witnesses were called. (Doc. 44.)

Following the completion of the evidentiary hearings, Judge Battaglia issued another Report and Recommendation recommending that the Court deny Respondent Robert Hernandez's motion to dismiss.[1] On August 5, 2011, the Court adopted that Report and Recommendation, and denied Respondent's motion to dismiss. (Doc. 54.)

Shortly thereafter, James Fife and Janet Tung filed a Motion to Enlarge Briefing Schedule or Grant Leave to File a Post-Return, Amended Petition on behalf of Petitioner. (Doc. 56.)

Because counsel was appointed for the limited purpose of representing Petitioner at the evidentiary hearing, and because that purpose has been met, Judge Dembin issued an order finding that any further representation has not been authorized by the court. (Doc. 57.) Consequently, Judge Dembin presented three options to Petitioner's counsel: (1) seek further appointment from the Court; (2) advise the Court that they are proceeding *pro bono*; or (3) withdraw from the case. Petitioner's counsel selected the first option and now seeks further appointment from the Court. (Doc. 59.)

## II.   DISCUSSION

Under 18 U.S.C. § 3006A(a)(2)(B), the district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require," and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).

In this case, Petitioner requests continued appointment of counsel because of his limited

---

[1] In March 2011, United States Magistrate Judge Mitchell D. Dembin was assigned to this case while Judge Battaglia's Report and Recommendation was pending. (Doc. 53.)

knowledge of the English language and law, the issues involved are complex, and representation is needed to maintain procedural due process as set forth in *Knaubert*. However, Petitioner has extensively articulated his arguments and authority before the Court appointed counsel, and his claims are typical claims arising in a habeas petition and not especially complex. Additionally, though *Knaubert* articulated a three-factor test to determine the amount of process needed to protect a habeas petitioner's liberty interest, the Ninth Circuit added that though "[a] habeas petitioner's interest in release from illegal confinement undoubtedly is high . . . consideration of remaining factors leads to the conclusion that due process does not require appointment of counsel when an evidentiary hearing is not held." *Knaubert*, 791 F.2d at 729. Given that there is no impending evidentiary hearing, there is no threat that Petitioner's procedural-due-process rights will be denied. *See id.*

Accordingly, the Court concludes that this is not an exceptional case warranting continued representation, and that the interests of justice do not require further appointment of counsel at this time.

## III.  CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Petitioner's *ex parte* application for appointment of counsel.

**IT IS SO ORDERED.**

DATED: October 3, 2011

                                             M. James Lorenz
                                             United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL